## COLEMAN v. WARDEN OF MARYLAND PENITENTIARY

[H. C. 47, October Term, 1950.]

*Decided June 15, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

GRASON, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order remanding appellant after hearing on a writ of *habeas corpus.*

The applicant was tried and convicted in the Criminal Court of Baltimore city of robbery, and was sentenced to ten years in the penitentiary by Judge Moser.

He states that he did not have counsel at the trial and that he was thereby deprived of his constitutional right. He did not file a brief.

Judge Byrnes issued the writ and heard the same, sitting in the Baltimore City Court. At that hearing applicant testified that he was jointly indicted with a man by the name of Sylvester Thomas; that they were

each sentenced to serve a term of ten years in the penitentiary by Judge Moser; that Thomas at that time had a penitentiary record and that he did not; that Thomas wrote a letter to Judge Moser asking for a reduction of sentence and that the judge reduced his sentence to five years; that the applicant then wrote Judge Moser for a reduction of sentence and the judge reduced his sentence to seven years; that he thought the judge would reduce his sentence to five years, as he did in the case of Thomas.

The applicant did testify before Judge Byrnes that he had been convicted of several offenses but was never sentenced for a term of over thirty days in jail. At the time he was sentenced to ten years by Judge Moser he was twenty-one years of age.

His sole complaint in this case is that he was not represented by counsel at the trial before Judge Moser. In *Fisher v. Warden,* 197 Md. 681, 79 A. 2d 161, 162, we held that the application did not allege facts which showed a denial of his right to counsel. In that case "the court asked whether he had counsel and was told he had not, but he does not allege that he asked opportunity to employ counsel * * * or asked the court to appoint counsel for him or allege any circumstances relating to the case or to petitioner which might have required appointment of counsel." So in this case the applicant did not ask the court to appoint counsel for him, nor does he allege any circumstances relating to the case or to himself which might have required appointment of counsel.

A prisoner can always seek a reduction in sentence by applying to the Division of Parole and Probation.

*Application denied, with costs.*